## OTTO SHARP *vs.* ERNESTO PONCE.

### Cumberland. Opinion July 30, 1884.

*Rescinding of a contract. Fraud. Damages. Sales.*

To rescind a contract of sale of merchandise, which has been delivered, on the ground of fraudulent representations of the seller, the buyer must restore the goods to the seller, if they are of any value, or offer to restore them under such circumstances as show an existing intention and ability to deliver them into the possession of the seller, if he elects to accept them.

When such a contract has not been rescinded the buyer is liable for the contract price, less the damages occasioned by any fraud that was practiced upon him in the sale.

ON EXCEPTIONS and motion to set aside the verdict from the superior court.

Assumpsit on a bank check for two hundred and sixty-seven dollars, given by the defendant to one Rosenburg in part payment of certain spectacles sold and delivered to the defendant. The verdict was for the defendant. The material facts are stated sufficiently in the opinion. The case has been once before considered by the law court, and is reported in 74 Maine, 570.

*Clarence Hale*, for the plaintiff, upon the question considered in the opinion, cited: *Miller* v. *Barber*, 66 N. Y. 558; *Winningham* v. *Redding*, 6 Jones (N. C.), 126; *Camp* v. *Simon*, 34 Ala. 126; *Nealon* v. *Henry*, 131 Mass. 153.

*M. P. Frank*, for the defendant.

It appeared in evidence, uncontradicted, that there was every effort made after the discovery of the fraud to return or tender back the goods, but the vendor avoided.

He was notified by letter that the contract was rescinded, and the defendant has been unable to get access to him, but he is and always has been ready to return the goods. This is all that could be required, to enable him to set up the fraud as a complete defense as against the original vendor, and a person not a *bona fide* holder for value, but having knowledge of the fraud, could stand in no better situation. *Walker* v. *Thompson*, 61 Maine, 349; *Thayer* v. *Turner*, 8 Met. 553; *Gilmore* v. *Holt*, 4 Pick. 257; *Borden* v. *Borden*, 5 Mass. 67; *Hathorne* v. *Hodges*, 28 N. Y. 486; *Smith* v. *Smith*, 30 Vt. 139.

WALTON, J. A buyer of goods, who is induced to make the purchase by the fraudulent representations of the seller, has a right to rescind the contract of sale; and if he does so, he will have a complete defense to an action for the price. Or, he may abide by the contract, in which case he will not have a full defense to an action for the price, but he may have the damages

occasioned by the fraud deducted from the contract price. But, to rescind, and thus lay the foundation for a full defense to an action for the price of the goods, he must restore them to the seller, or offer to do so, if they are of any value. And the offer must be made under such circumstances as show an existing intention and ability to deliver them into the custody of the seller, if he elects to accept them. The expression of a willingness to restore, or an intention to do so, or notice to the seller to come and get them, is not sufficient to rescind the contract of sale. *Norton* v. *Young,* 3 Maine, 30.

In this case, the defendant claims to have been defrauded in the sale to him of a quantity of spectacles, and the action is by the indorsee of a negotiable bank check given in part payment of the price. The spectacles have never been returned to the seller. The defendant still has them in his possession; and he admits that they are of some value — fifty or seventy-five dollars. Nor has he offered to restore them to the seller for the purpose of rescinding the contract of sale. He testifies that he wrote to the seller to come and get the glasses and he would pay ten per cent of the price. But this was not an offer to rescind. It was an offer to perform one of the conditions of the contract. It was agreed at the time the contract was made that the seller should take back any of the goods, less ten per cent of the cost. And when the defendant wrote him to come and get the goods, and he would pay the ten per cent, it was an offer made in pursuance of the terms of the contract, and not notice of a repudiation or rescission of it.

Such being the condition of things, it is clear that the defendant is in no condition to make a full and complete defense to the suit. Undoubtedly, he may have the damages occasioned by any fraud that was practised upon him deducted from the contract price; but, inasmuch as he still retains the goods for which the check in suit was given, there is not an entire failure of consideration, and no reason is perceived why the plaintiff should not recover the balance. And yet this fact seems to have been entirely overlooked at the trial, and the plaintiff recovered nothing. The

jury returned a verdict for the defendant. The verdict is clearly wrong, and must be set aside.

*Motion sustained. Verdict set aside.*
*New trial granted.*

PETERS, C. J., DANFORTH, VIRGIN and LIBBEY, JJ., concurred.